**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**VICKEY CINTRON,**

Plaintiff,

v.   Civil Action No. 3:09-CV-44
(BAILEY)

**MICHAEL J. ASTRUE,
Commissioner of Social
Security,**

Defendant.

### ORDER ADOPTING REPORT AND RECOMMENDATION

I.  Introduction

On this day, the above-styled matter came before the Court for consideration of the Report and Recommendation ("R&R") of United States Magistrate Judge David J. Joel [Doc. 17] and the plaintiff's Objections thereto [Doc. 18].  Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made.  However, failure to file objections permits the district court to review the R&R under the standards that the district court believes are appropriate, and under these circumstances, the parties' right to *de novo* review is waived.  See ***Webb v. Califano,*** 468 F.Supp. 825 (E.D. Cal. 1979).  Accordingly, this Court will conduct a *de novo* review only as to those portions of the R&R to which the plaintiff objected.  The remaining portions of the R&R will be reviewed for clear error.  As a result, it is the opinion of this Court that the R&R should be **ORDERED ADOPTED**.

II. Background

On June 24, 2009, the plaintiff filed her Complaint [Doc. 1] seeking judicial review of an adverse decision by the Commissioner of Social Security pursuant to 42 U.S.C. §§ 405(g) and 1381(c)(3). Pursuant to the Local Rules, this case was referred to the United States Magistrate Judge David J. Joel, for proposed findings of fact and a recommended disposition. On September 28, 2009, and November 24, 2009, the plaintiff and the defendant filed their respective motions for summary judgment.

In support of her motion, the plaintiff states three claims of error on the part of the Administrative Law Judge ("ALJ"). In his motion, the defendant responds to each of these claims and argues that the ALJ's decision is supported by substantial evidence.

First, the plaintiff asserts the ALJ improperly formulated the physical component of her residual functional capacity ("RFC"). In this regard, the plaintiff alleges that the ALJ inappropriately relied upon a state agency medical examiner, ignored a medical opinion finding disability, and failed to develop the medical record. In response, the defendant argues the ALJ: (1) properly attributed little weight to the opinions of the state medical examiner, (2) fully accounted for the referenced medical opinion in his assessment, and (3) appropriately exercised his discretion with regard to not further developing the medical record. Moreover, the defendant contends that the ALJ's assessment is supported by substantial evidence. For instance, the defendant argues, the ALJ had properly concluded that mild back pain and a healed fibula fracture are inconsistent with a finding of disability. Finally, the defendant contends the ALJ more than accommodated any physical limitations the plaintiff may have by limiting her to minimal exertion level, sedentary work with several other limitations.

Second, the plaintiff claims the ALJ improperly formulated the mental component of her RFC. Specifically, the plaintiff argues the ALJ's recognition that she suffers from a bipolar disorder does not adequately evaluate the interplay of her psychiatric and psychological impairments. In this regard, the plaintiff argues that the ALJ erred by not developing the plaintiff's mental health record. In response, the defendant contends the ALJ properly considered the mental health evidence and correctly determined that it did not support the plaintiff's allegations of a disabling mental impairment. Moreover, the defendant again cites the ALJ's discretion with regard to ordering consultative examinations.

Third, the plaintiff alleges the ALJ conducted an improper assessment of her credibility. In particular, the plaintiff argues the ALJ inappropriately relied upon her work activity to discredit her subjective complaints. Additionally, the plaintiff cites a subsequent decision finding a disability based upon new application further supports her argument that the ALJ improperly assessed her credibility. In response, the defendant contends that, in deciding to discredit the plaintiff's subjective complaints, the ALJ properly considered the plaintiff's unsuccessful work attempt in addition to the objective medical evidence. Moreover, the defendant argues, a subsequent decision cannot be used to challenge an ALJ's previous decision on substantial evidence grounds.

On February 12, 2010, Magistrate Judge Joel rejected all three of the plaintiff's claims of error and recommended that the plaintiff's motion be denied and the defendant's motion be granted. ([Doc. 17] at 20). First, the magistrate judge found that the ALJ properly formulated the plaintiff's physical RFC. (Id. at 14). Specifically, the magistrate judge concluded that the ALJ had properly attributed little weight to the opinions of the state

medical examiner and fully accounted for any of the plaintiff's physical limitations in his assessment. (Id. at 15-16). Second, the magistrate judge found that the ALJ appropriately assessed the plaintiff's mental RFC. (Id. at 14). In particular, the magistrate judge held that the ALJ had appropriately considered the mental health evidence and accurately determined that it did not support the plaintiff's allegations of a disabling mental health impairment. (Id. at 13). Moreover, citing the ALJ's discretion, the magistrate judge found no merit in the plaintiff's argument that the ALJ should have further developed her mental health record. (Id. at 14). Third, the magistrate judge found sufficient evidence to support the ALJ's decision to discredit the plaintiff's subjective complaints. (Id. at 19). In this regard, the magistrate judge noted that the ALJ properly relied upon objective medical evidence, which failed to support the plaintiff's subjective complaints. (Id.). Finally, the magistrate judge found that the subsequent decision based upon a new application is not relevant and cannot be used to challenge the ALJ's decision on substantial evidence grounds. (Id. at 20).

III.   Discussion

In her Objections [Doc. 18], timely filed on February 19, 2010, the plaintiff takes issue with the analysis of the magistrate judge. The Court will address these objections as they relate to each of the plaintiff's three claims of error discussed above.

    **A.   ALJ's Formulation of the Plaintiff's Physical RFC**

In her motion, the plaintiff asserts the ALJ improperly assessed her physical RFC. The magistrate judge rejected this assertion. The plaintiff objects to the magistrate judge's conclusion. For the reasons set out below, and those more fully stated in the R&R, this Court **OVERRULES** the plaintiff's Objections insofar as they relate to the ALJ's formulation

4

of the plaintiff's physical RFC.

In her Objections, the plaintiff claims the ALJ erred by ignoring the opinion of Dr. Ambroz that she was unable to perform any full-time work for at least a year and by failing to further develop her medical record. ([Doc. 18] at 1-2). More specifically, the plaintiff contends the ALJ "adopted his own RFC as a substitute for adopting an RFC based on actual opinion evidence." (Id. at 2).

This Court finds, however, substantial evidence[1] supports the ALJ's assessment of the plaintiff's physical RFC. In so concluding, this Court finds the ALJ properly relied upon objective medical evidence. For example, an October 18, 2005, examination conducted by Dr. Ringus revealed that the plaintiff had a full range of motion of her neck, with only "slight" tenderness. Though the plaintiff also had tenderness in her back, she had no masses, lymphadenopathy, enlargement, or crepitus. ([Doc. 17] at 16). In addition, the Court notes that the physical limitations upon which Dr. Ambroz reported[2] were fully accounted for in the plaintiff's RFC. For example, the ALJ found that the plaintiff could only perform sedentary work with occasional stooping and no repetitive pushing/pulling with her right lower extremity. (Id. at 15). Similarly, the ALJ found that the plaintiff could perform sedentary work that did not involve climbing ropes, ladders, or scaffolds. (Id.). Finally, this

---

[1] "Substantial evidence" is "more than a mere scintilla of evidence but may be somewhat less than a preponderance." **Hays v. Sullivan**, 907 F.2d 1453, 1456 (4th Cir. 1990). Described another way, "substantial evidence" is not a "large or considerable amount of evidence, but rather 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" **Pierce v. Underwood**, 487 U.S. 552, 664-65 (1988).

[2] Dr. Ambroz reported that the plaintiff had decreased neck range of motion, decreased ankle range of motion, and a weak left arm. ([Doc. 17] at 15).

5

Court finds that the ALJ appropriately exercised his discretion[3] in deciding not to further develop the plaintiff's medical record.

Therefore, this Court concludes that the results of Dr. Ringus' examination provide substantial evidence to support the ALJ's assessment of the plaintiff's physical RFC, the RFC accounts for the plaintiff's physical limitations, and the ALJ properly exercised his discretion in not ordering consultative physical examinations. Accordingly, the plaintiff's Objections, insofar as they relate to the ALJ's formulation of the plaintiff's physical RFC, are **OVERRULED**.

### B. ALJ's Formulation of the Plaintiff's Mental RFC

In her motion, the plaintiff asserts the ALJ improperly assessed her mental RFC. The magistrate judge rejected this claim. The plaintiff objects to the magistrate judge's conclusion. For the reasons set out below, and those more fully stated in the R&R, this Court **OVERRULES** the plaintiff's Objections insofar as they relate to the ALJ's formulation of the plaintiff's mental RFC.

In her Objections, the plaintiff argues the ALJ failed to properly assess her mental RFC. Specifically, the plaintiff claims the ALJ improperly "rel[ied] upon his own mental health expertise to propound a mental [RFC] assessment." ([Doc. 18] at 3).

This Court finds, however, that substantial evidence supports the ALJ's assessment of the plaintiff's mental RFC. In so holding, this Court finds that the ALJ relied upon

---

[3]It is well established that the decision to obtain a consultative examination lies within the Commissioner's discretion. *See* 20 C.F.R. §§ 404.1517, 416.917 ("[W]e ***may*** ask you to have one or more physical or mental examinations or tests" if the evidence of record is insufficient to make a decision.) (emphasis added).

objective medical evidence.[4]  For example, the evidence showed that the plaintiff had no perceptual or thinking disturbance relative to the presence of hallucinations or delusions. The plaintiff had no preoccupations, obsessions, or compulsions.  The plaintiff's language usage was average, speed of speaking was normal, and content was relevant.  The plaintiff had no psychomotor disturbance; her insight was fair; her immediate and remote memory was within normal limits; and she had a Global Assessment of Functioning ("GAF") score of 60, indicating only moderate limitations.  Another mental health examination revealed that the plaintiff was not irrational, paranoid, or delusional.  The plaintiff denied hallucinations and reported no urges to harm herself.  The plaintiff did not display schizophrenic tendencies; she was not experiencing obsessive-compulsive symptoms or social anxiety disorder; and when she became depressed, the depression did not last for long.  ([Doc. 17] at 13).

For these reasons, this Court concludes that the ALJ's assessment of the plaintiff's mental RFC is supported by substantial evidence.  Accordingly, the plaintiff's Objections, insofar as they relate to the ALJ's formulation of the plaintiff's mental RFC, are **OVERRULED**.

### C. ALJ's Decision to Discredit the Plaintiff's Subjective Complaints

In her motion, the plaintiff alleges the ALJ improperly relied upon her work activity to discredit her subjective complaints.  The magistrate judge rejected this claim.  The

---

[4]In fact, the ALJ clearly referred to the medical record in finding that, "Given the varied diagnoses and treatment records, the undersigned finds that the claimant's symptoms of depression and anxiety are addressed by the bipolar disorder diagnosis." ([Doc. 17] at 13).  Moreover, inasmuch as this line of argument implies that the ALJ failed in not ordering a consultative mental examination, this Court again emphasizes that such a decision is within the Commissioner's discretion.  *See* 20 C.F.R. §§ 404.1517, 416.917.

7

plaintiff objects to the magistrate judge's conclusion. For the reasons set out below, and those more fully stated in the R&R, this Court **OVERRULES** the plaintiff's Objections insofar as they relate to the magistrate judge's refusal to consider the plaintiff's subsequent successful application in reviewing the ALJ's credibility determination.

In her Objections, the plaintiff challenges the magistrate judge's finding that her subsequent successful application[5] is irrelevant to the previous ALJ's credibility determination. This Court concurs with the magistrate judge.

It is well established that evidence is probative only when it relates to the period on or before the challenged ALJ's decision. *See* ***Wilkins v. Sec'y of Health & Human Servs.***, 953 F.2d 93, 95 (4th Cir. 1991). Here, because this evidence relates to the period after the ALJ's decision, it cannot be used to challenge the ALJ's decision on substantial evidence grounds. Accordingly, the plaintiff's Objections, insofar as they relate to the magistrate judge's refusal to rely upon the plaintiff's subsequent successful application to find error in the ALJ's credibility determination, are **OVERRULED**.

**D.     Portions of the R&R to which the Plaintiff Filed No Objections**

Upon careful consideration of the record, the parties' motions, and the R&R, this Court finds that the magistrate judge committed no clear error with regard to the portions of the R&R to which the plaintiff filed no objections.

IV.    Conclusion

Upon careful review of the R&R, it is the opinion of this Court that the Magistrate

---

[5]In a subsequent application, filed October 1, 2008, the plaintiff alleged a disability onset date of August 4, 2007. In the application the denial of which is the subject of this appeal, the plaintiff alleged an onset date of December 15, 2004.

8

Judge's Report and Recommendation **[Doc. 17]** should be, and hereby is, **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report.  Further, the plaintiff's Objections **[Doc. 18]** are **OVERRULED**.  Therefore, this Court **ORDERS** that the plaintiff's Motion for Summary Judgment or, in the Alternative, Motion for Remand **[Doc. 12]** is hereby **DENIED** and the defendant's Motion for Summary Judgment **[Doc. 15]** is hereby **GRANTED**.  Accordingly, the Court hereby **DISMISSES with prejudice** the plaintiff's Complaint **[Doc. 1]** and **ORDERS** it **STRICKEN** from the active docket of this Court.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record.

**DATED**: February 23, 2010.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE